IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lennell Dyches, #13771-171, ) | C/A No.: 1:15-2508-SB-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Joenathan Shelly Chaplin, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Lennell Dyches ("Plaintiff"), proceeding pro se and in forma pauperis, is a federal prisoner incarcerated in USP Atlanta, Georgia, a facility of the Federal Bureau of Prisons ("BOP"). He filed this civil action pursuant to 42 U.S.C. § 1983, asserting claims against his former criminal defense counsel Joenathan Shelly Chaplin ("Defendant"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.     Factual and Procedural Background

Plaintiff alleges he paid $4,500 to Defendant in May 2006 to be evaluated by Defendant's private psychiatrist. [ECF No. 1 at 3]. Plaintiff claims he was evaluated at the county jail on July 18, 2006, and states the evaluation deemed him incompetent to stand trial. *Id.* Plaintiff argues Defendant told him that he would soon appear for a competency hearing, but Plaintiff alleges that the competency hearing was actually a plea

hearing. *Id.* at 3–4. Plaintiff claims his signature was photocopied onto the plea agreement, and claims Defendant did not discuss a plea or trial with him, and instead told Plaintiff that Defendant and the prosecutor were "good associates" and Plaintiff did not have to worry. *Id.* at 4. Plaintiff alleges he called Defendant's office numerous times to request a copy of his evaluation, but was not able to speak with Defendant. *Id.* Plaintiff claims he also requested a copy of the audio and video of the competency and plea hearing and the court reporter stated a recording was not made. *Id.* Plaintiff seeks monetary damages and asks the court to compel Defendant to relinquish his private psychological evaluation and to investigate why Plaintiff's signature was photocopied onto his plea agreement. *Id.*

II.     Discussion

　　A.     Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. W*est v. Atkins*, 487 U.S. 42, 48 (1988). A criminal defense attorney, whether retained or appointed, does not act under color of state law or federal law, which is a jurisdictional prerequisite for any civil action brought under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 317–24 nn.8–9, 12–14 (1981). Plaintiff alleges that Defendant failed to provide him with effective legal representation. As the performance of traditional legal functions does not constitute state action, Plaintiff has failed to state a

cause of action under § 1983. Plaintiff does not allege facts otherwise showing the court has subject matter jurisdiction over Plaintiff's claims. Therefore, the undersigned recommends this case be summarily dismissed.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the complaint be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

August 5, 2015                                   Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).