IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK CHARLESTON, SC

2015 OCT -8  A 8: 41

| | |
|---|---|
| Lennell Dyches, #13771-171, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:15-2508-SB |
| Joenathan Shelly Chaplin, | ) **ORDER** |
| Defendant. | ) |

This matter is before the Court upon the Plaintiff's pro se complaint filed pursuant to 42 U.S.C. § 1983. In his complaint, the Plaintiff alleges claims against his former criminal defense counsel, Joenathan Shelly Chaplin.

In accordance with Local Civil Rule 73.2(B)(2)(d) for the District of South Carolina and 28 U.S.C. § 636(b)(1)(A), the matter was referred to a United States Magistrate Judge for preliminary determinations. On August 5, 2015, Magistrate Judge Mary Gordon Baker issued a report and recommendation ("R&R") outlining the issues and recommending that the Court dismiss this case without prejudice and without issuance and service of process. In summary, the Magistrate Judge determined that the Plaintiff failed to state a claim under section 1983 because Defendant Chaplin, who served as the Plaintiff's attorney, did not act under color of state law.



The Plaintiff requested an extension of time to file objections to the R&R, which the Court granted, and on September 24, 2015, the Plaintiff filed objections along with various exhibits. In his objections, the Plaintiff simply rehashes his claims and states in a conclusory fashion that the Defendant engaged in a conspiracy with the Judge and the prosecutor. The Plaintiff complains that the Defendant acted unethically and committed

professional misconduct.

This Court is charged with conducting a de novo review of any portion of the R&R to which a specific objection is registered and may accept, reject or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). Any written objection must specifically identify the portions of the R&R to which objections are made and the basis of those objections. Id.

After review of the R&R and the Plaintiff's objections, the Court finds that the Magistrate Judge correctly summarized the facts and applied the appropriate legal standards, and the Court finds that the Plaintiff's objections are without merit. As the Magistrate Judge noted, to state a claim pursuant to section 1983, a plaintiff must allege (1) the violation of a constitutional right (2) by a person acting under color of state law. Importantly, an attorney–whether retained, court-appointed, or a public defender–does not act under color of state law and is therefore not amenable to suit pursuant to 42 U.S.C. § 1983. See Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980). Moreover, to the extent the Plaintiff now seeks to allege a conspiracy claim pursuant to 42 U.S.C. § 1985, the Court finds that the Plaintiff has failed to plead specific facts in a nonconclusory fashion to show an agreement (or a meeting of the minds) between the Defendant and another individual to violate the Plaintiff's constitutional rights based on some invidiously discriminatory animus. Accordingly, as the Plaintiff has failed to plead a federal claim, the Court agrees with the Magistrate Judge that the case is subject to summary dismissal.



Based on the foregoing, it is hereby

**ORDERED** that the R&R (Entry 13) is adopted; the Plaintiff's objections (Entry 19) are overruled; and the Plaintiff's complaint is dismissed without prejudice and without

issuance and service of process.

**AND IT IS SO ORDERED.**

Sol Blatt, Jr.
Senior United States District Judge

October 8, 2015
Charleston, South Carolina

