IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lennell Dyches, #13771-171, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:15-2508-SB |
| v. ) | |
| ) | **ORDER** |
| Joenathan Shelly Chaplin, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court upon the Plaintiff's motion to reconsider the Court's October 2015 order, wherein the Court adopted the Magistrate Judge's report and recommendation ("R&R") and dismissed the Plaintiff's complaint without prejudice and without issuance and service of process. In the order, the Court reviewed the R&R and the Plaintiff's objections and agreed with the Magistrate Judge that the Plaintiff's complaint failed to state a claim pursuant to 42 U.S.C. § 1983 because an attorney does not act under color of state law and is not amenable to suit under § 1983. Moreover, the Court agreed with the Magistrate Judge that to the extent the Plaintiff sought to assert a conspiracy claim pursuant to 42 U.S.C. § 1985, the complaint failed to plead sufficient facts to show an agreement between the Defendant and any other individual to violate the Plaintiff's constitutional rights based on some invidiously discriminatory animus.

In his motion to reconsider, the Plaintiff repeats his claims and requests a jury trial. Importantly, he does not cite any legal authority for his motion and he does not point to any legal or factual error in the Court's October 2015 order; rather, the Plaintiff claims that the Court dismissed his case for "bogus" and "obviated" reasons.

After review, the Court finds no basis to reconsider, alter, or amend its prior order

and judgment, under either Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure.

Rule 59(e) of the Federal Rules of Civil Procedure allows for a "motion to alter or amend a judgment" for the following reasons: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  Mayfield v. Nat'l Ass'n for Stock Car Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012) (quoting Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (internal quotation marks omitted)).  Here, the Court finds that the Plaintiff is not entitled to relief pursuant to Rule 59(e).  First, the Plaintiff has not pointed to any change in controlling law or new evidence.  Furthermore, the Court does not believe that relief is warranted to correct a clear error of law or to prevent manifest injustice.  In addition, a motion pursuant to Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).  Here, the judgment was entered on October 8, 2015, and the Plaintiff's motion was not filed until February 16, 2016.  Thus, to the extent the Plaintiff seeks relief pursuant to Rule 59(e), his motion is not timely.

Next, Rule 60 also provides for "relief from a judgment or order" on the basis of grounds such as "mistake, inadvertence, surprise, or excusable neglect" and "newly discovered evidence." Fed. R. Civ. P. 60(b)(1) – (6).  A motion under Rule 60(b) must be made within a reasonable time. Id. at (c)(1).  After review, the Court simply finds no reason to grant relief pursuant to Rule 60.

In conclusion, the Court finds that the Plaintiff has failed to demonstrate that he is entitled to the relief he seeks, whether under Rule 59(e) or Rule 60(b).  Accordingly, the Court denies the Plaintiff's motion to reconsider (Entry 24).

**AND IT IS SO ORDERED.**

_____ for
Sol Blatt, Jr.
Senior United States District Judge

April 20, 2016
Charleston, South Carolina